UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RONNIE RAY OGLE, | ) | | |
| Petitioner, | ) ) ) | | |
| v. | ) ) | No.: | 3:20-CV-40-PLR-DCP |
| MICHAEL PARRIS, | ) ) ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Petitioner Ronnie Ray Ogle is a Tennessee inmate proceeding pro se on a federal habeas petition pursuant to 28 U.S.C. § 2254, in which he seeks to challenge the legality of his confinement under judgments of conviction for felony murder, aggravated robbery, and first-degree premeditated murder. Having considered the submissions of the parties, the State-court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied.

### I. FACTUAL AND PROCEDURAL HISTORY

On May 1, 2000, Petitioner, along with Teddy Ogle and Terry Ogle, pleaded guilty to felony murder, aggravated robbery, and first-degree premeditated murder. *Ogle v. State*, No. E2018-01520-CCA-R3-PC, E2018-01521-CCA-R3-PC, E2018-01522-CCA-R3-PC, 2019 WL 2355033, at *1 (Tenn. Crim. App. June 4, 2019), *perm. app. denied* (Tenn. Sept. 18, 2019). Petitioner received an effective sentence of life imprisonment. *Id*.

On May 31, 2018, Petitioner filed in the trial court a pro se pleading styled "Petition for Writ of Habeas Corpus and/or Motion for Correction of Illegal Sentence and Amendment Motion for Relief from Judgment" [Doc. 8-1 p. 34-49]. The trial court construed the pleading as a petition for post-conviction relief and dismissed the petition as untimely [*Id*. at 50-51].

On appeal, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgment of the trial court. *Ogle*, 2019 WL 2355033, at *1. The court initially observed that Petitioner's brief was inadequate for failing to support the raised issues with argument, and because the issues presented did not correspond with the issues raised in the argument section of the brief. *Id.* at *3. Nonetheless, the court considered Petitioner's claim that the trial court erred by converting Petitioner's pleading to a petition for post-conviction relief. *Id.* at *3-4. The TCCA concluded that the trial court properly construed the pleading as a post-conviction petition, because Petitioner had not stated a colorable claim for relief under Rule 36.1 of the Tennessee Rules of Criminal Procedure, or under State habeas law. *Id.*

On or about November 15, 2019, Petitioner filed the instant petition raising the following claims, as paraphrased by the Court:

    I.     The TCCA erred when it construed his trial court pleading as a petition for post-conviction relief rather than a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1.

    II.    The trial court deprived Petitioner of his right to due process when it failed to make findings of fact and conclusions of law in denying Petitioner relief.

    III.   The trial court erred in refusing to recuse itself.

    IV.   Petitioner's guilty plea was not knowing and voluntary.

    V.    Trial counsel was ineffective in failing to call defense witnesses.

    VI.   The trial court erred by construing Petitioner's pleading as a petition for post-conviction relief and dismissing the petition without providing Petitioner an opportunity to amend.

    VII.  The appellate court and trial court erred in their construction of the petition.

    VIII. An illegal arrest and extradition led to an illegal sentence.

    IX.   Petitioner's guilty plea was illegal because it was based on erroneous information and an illegal statement.

> X. The trial court erred in failing to apply mitigating factors in imposing Petitioner's sentence.
>
> XI. Trial counsel rendered ineffective assistance in failing to utilize potential mitigation evidence from a mitigation specialist.
>
> XII. Petitioner was denied a fair and impartial sentencing proceeding.

[Doc. 1]. The Court ordered Respondent to respond to the petition, and Respondent did so by filing its answer on or about April 20, 2020 [Doc. 11]. Petitioner did not file a reply, and the time to do so has passed [*See* Doc. 7]. This matter is ripe for review.

## II. DISCUSSION

### A. Timeliness

#### 1. Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 337 (1997). Whether the instant petition is timely turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

**2.     Analysis**

Petitioner's convictions became "final" on May 31, 2000, when the time expired for him to seek a direct appeal from his May 1, 2000, guilty plea [Doc. 8-1 p. 21-24]. *See* Tenn. R. App. 4(a) (requiring notice of appeal to be filed within 30 days after entry of judgment appealed from); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding judgment of conviction entered upon guilty plea becomes final thirty days after acceptance of plea and imposition of sentence). Therefore, the statute of limitations began running the following day, June 1, 2000, and expired on June 1, 2001.[1] Petitioner did not file his federal habeas petition until on or about November 15, 2019, over eighteen years after the expiration of the federal statute of limitations. Therefore, the petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

Petitioner argues that the statute of limitations commenced on July 1, 2016, when Rule 36.1 of the Tennessee Rules of Criminal Procedure was amended [Doc. 1 p. 27-28]. However, amendment of a state rule of procedure does not satisfy any of the criteria in 28 U.S.C. §

---

[1] The Court notes that an amended judgment was entered in Petitioner's case on July 10, 2000 [Doc. 8-1 p. 24]. Because this did not increase Petitioner's sentence, however, the Court determines that it is not a new judgment that restarts the clock. *See, e.g., Freeman v. Wainwright*, 2020 WL 2394242, at *3 (holding "final judgment" in criminal case is the sentence, and modification without resentencing is not a "final judgment" that restarts § 2244(d)'s clock). However, even if this later date were used to start the statute of limitations clock, the federal limitations period still would have expired in July 2001.

4

2244(d)(1)(B)-(D), and therefore, revision of the rule did not reset the statute of limitations clock. Additionally, because Petitioner's State-court pleading was not filed until after the statute of limitations had expired, neither does it serve to toll the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that while a properly filed application for state post-conviction or other collateral relief may toll the statute of limitations, it "does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

Accordingly, the instant petition was not timely filed, and the Court can consider it only if Petitioner establishes an entitlement to equitable tolling of the limitation period. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies). To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). It is an exception that should be granted "sparingly." *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012).

Petitioner asserts that he is entitled to equitable tolling of the limitations period because his attorney filed a habeas petition in State court in 1997 that was never heard by the trial court [Doc. 1 p. 28-32]. However, he does not explain why he then waited nearly twenty years before filing anything else in State court. Therefore, he has not shown a diligent pursuit of his rights.

Moreover, he cannot show that any extraordinary circumstance stood in his way and prevented a timely filing of the federal habeas petition. Petitioner accuses the State of concealing his illegal seizure, alleging that his affidavit of arrest contained false and reckless statements [*Id.* at 30-31]. However, he does not identify these allegedly false statements, nor does he explain

5

when he learned about the statements. Additionally, his claim that the State concealed evidence is a conclusory allegation that fails to constitute an extraordinary circumstance that prevented the timely filing of his habeas petition. *See, e.g., O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing" or relief).

Finally, Petitioner claims that his mental incapacity warrants equitable tolling [Doc. 1 p. 31-32]. However, Petitioner has made no showing that he is mentally incompetent, and he has not provided any causal connection between his alleged incompetence and the ability to file a federal habeas petition. Therefore, Petitioner is not entitled to equitable tolling on the basis of alleged mental incompetence. *See, e.g., Powell v. Morrow*, No. 1:10-cv-181, 2011 WL 294295, at *4-5 (E.D. Tenn. Jan. 27, 2011) (finding petitioner not entitled to equitable tolling when he failed to demonstrate mental incapacity and connection between alleged incapacity and his ability to pursue federal habeas relief).

Accordingly, the Court finds that equitable tolling is not appropriate in this case, and the instant petition will be dismissed as untimely.

### B. State-Law Issues

The Court additionally finds that the claims Petitioner raises in Claims I-III and VI-VII are based on the State court's application of State law. The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (internal quotation omitted). Therefore, Petitioner's claims regarding the construction of his petition and the procedures used by the trial court to adjudicate the petition cannot form the basis of federal habeas relief. Accordingly, Claims I-III and VI-VII are otherwise properly dismissed as non-cognizable.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

### IV. CONCLUSION

For the reasons set forth above, the instant petition will be **DENIED**, and this action will be **DISMISSED** with prejudice. A certificate of appealability will be **DENIED**.

Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**